ACCEPTED
03-15-00363-CV
7645986
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/2/2015 4:03:57 PM
JEFFREY D. KYLE
CLERK

**No. 03- 15-00363-CV**

In the Third Court of Appeals
Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/2/2015 4:03:57 PM
JEFFREY D. KYLE
Clerk

**TEXAS DEPARTMENT OF FAMILY & PROTECTIVE SERVICES**,

*Appellant,*

v.

**BRILLIANT STARTS LEARNING ACADEMY, L.L.C.**

*Appellee*

APPEAL FROM CAUSE NO. C2015-0676B
207TH DISTRICT COURT OF COMAL COUNTY, TEXAS
HON. **DIP WALDRUP**, PRESIDING
_____

**APPELLEE'S BRIEF AND APPENDIX**

Gregory B. Cagle
State Bar No. 00790414
1602B State Street
Houston, Texas 77007
Telephone: 713-489-4789
Facsimile: 713-489-4792
gcagle@tmpalawyer.com
Attorney for Appellee

# TABLE OF CONTENTS

Index of Authorities………………………………………………………………... 3

    I.      Statement of the Facts …………………………………………… 4

    II.     Issue Presented ……………………………………………………5

    III.   Summary of the Argument……………………………………………5

    IV.   Conclusion and Prayer………………………………………….. 6

    V.     Certificate of Compliance…………………………………………8

    VI.   Certificate of Service………………………………………… 8

# INDEX OF AUTHORITIES

**Cases**

*Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002) ……………… 5

**Statutes**

Tex. Hum. Res. Code §42.072(e) (West 2013) ……………………………….. 5

**TO THE HONORABLE THIRD COURT OF APPEALS:**

Appellee, Brilliant Starts Learning Academy, L.L.C., respectfully requests that this Court deny the relief requested by the Appellant, DFPS.

## I.    Statement of the Facts

An employee of Brilliant Starts Learning Academy, LLC ("Brilliant Starts") mistreated several children in the weeks prior to December 17, 2014. (Defendant's Exhibit 1)   On December 17, 2014, the director of Brilliant Starts, Kallie Norman, learned of the mistreatment by the employee. (RR Vol. 3 at 62) The employee was separated from employment on the same day and a report was made to DFPS. (RR Vol.3 at 72, 74)   The incident was investigated by Appellant DFPS.   The primary investigator for Appellant, Sam Brito, testified that there was no evidence that the owners of Brilliant Starts, the Normans, were aware that the employee was committing the acts prior to December 17, 2014. (RR Vol. 2 at 65)   The investigation was closed with a determination that the Normans had "no role", meaning that they had done nothing wrong. (RR Vol. 2, 80, 81) Despite their own findings, DFPS waited several weeks and issued an emergency closure order. (RR Vol.1 at 91)

District Judge Dib Waldrip granted an ex parte Temporary Restraining Order allowing Brilliant Starts to continue to operate. See Order Dated May 4, 2015.

DFPS moved to dissolve the order, which was denied after a full evidentiary hearing. (RR Vol. 1 at 165, RR Vol. 2)   Despite no new evidence and the TRO, DFPS issued a revocation, effectively closing Brilliant Starts again.   Judge Waldrip issued a second ex parte Temporary Restraining Order allowing Brilliant Starts to remain open. See Order dated May 13, 2015.   After another lengthy evidentiary hearing, Judge Waldrip specifically found that "…the Plaintiff does not pose a health or safety risk to children" and granted the Injunction mad ethe basis of this appeal.   See Order Granting Injunction dated May 19, 2015.

## I.      Issue Presented

Did the trial court clearly abuse its discretion in issuing the Temporary Injunction? No.

## II.      Summary of the Argument

Appellate review of a temporary injunction is limited to deciding whether the trial court clearly abused its discretion. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002)   The applicable law, Tex. Hum. Res. Code §42.072(e) specifically provides for the relief sought and granted in this case.   "The court may grant injunctive relief against the department's action only if the court finds that the child-care operation does not pose a health or safety risk to children." Tex. Hum. Res. Code §42.07(e) (West 2013).   Judge Waldrip made that specific finding in the Order

Granting Injunction, which was well supported by the record, including the testimony of the lead investigator for DFPS.[1] See Order Granting Injunction dated May 19, 2015. The Appellant argues, without authority, that the additional conditions imposed in the Order somehow make the issuance of the injunction an abuse of discretion. The statute does not limit the relief, it merely requires that the trial court make the determination as to the risk. That finding was made. The additional conditions imposed upon the Appellee dot not effect this finding, nor do they undermine the explicit finding of the Court as advanced by the Appellant. Presumably, the Appellant, the very agency charged with oversight, would have the trial court remove the language from the order that acts to insure that there is no future potential for risk? While there may be some argument to be advanced by the Appellee, the Appellant is certainly without standing to complain and should be quite satisfied given the record in this case.

### III.  Conclusion and Prayer

The trial court's order granting injunction in the case makes the statutory fining required by the Tex. Hum. Res. Code and is well supported by the record. The "abuse of discretion" would be the issuance of the injunction, not the conditions

---

[1] This was effectively the third (3rd) time Judge Waldrip had reviewed the facts of this case and issued an order stopping the Appellant from closing Brilliant Starts.

imposed by additional language in the order. Simply put, the required finding was made and the Appellant's argument is baseless and without merit.

WHEREFORE, PREMISES CONSIDERED, Brilliant Starts Learning Academy, L.L.C. respectfully prays that this Court affirm the decision of the trial court. Brilliant Starts further requests any additional relief, at law or equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Gregory Cagle*
Gregory B. Cagle
State Bar No. 00790414
1602B State Street
Houston, Texas 77007
Telephone: 713-489-4789
Facsimile: 713-489-4792
gcagle@tmpalawyer.com
Attorney for Appellee

## IV.   CERTIFICATE OF COMPLIANCE

This brief was prepared with Microsoft Word in a conventional 14-point typeface, with footnotes in 12-point typeface and contains 634 words, as determined by the word-count function, excluding the sections listed in TRAP 9.4(i)(1).

## V.   CERTIFICATE OF SERVICE

I certify that on the 2nd day of November, 2015, a true copy of this Notice of Appeal was served in accordance with rule 9.5 of the Texas Rules of Appellate Procedure on each party or that party's lead counsel as follows:

**TEXAS DEPARTMENT OF FAMILY & PROTECTIVE SERVICES**
Pat Tulinski
Assistant Attorney General
Texas Attorney General Office
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
Telephone:   512-475-4170
Facsimile:    512-320-0167
Pat.tulinski@texasattorneygeneral.gov

          *__/s/_Gregory B. Cagle___*
          Gregory B. Cagle